PER CURIAM.
The defendant, Mohammed Mohammed, has filed a peremptory exception of non-joinder of party, as well as an appeal in this workers’ compensation matter. The plaintiff, Sheilah Guimaraes, filed a disputed claim against Mohammed, seeking compensation benefits and medical expenses. Mohammed argues that he was not Gui-maraes’ employer, rather, she was employed by SM & H Enterprises, Inc., which he claims was owned and operated by him, Nassar, and an unidentified woman.
*782 In his peremptory exception, Mohammed argues that the evidence established that he, Nassar, and the unidentified woman operated SM & H Enterprises as a partnership. The entity was incorporated until its charter was revoked by the Secretary of State on November 15, 2001. Thus, Mohammed claims that Guimaraes should have filed her claim against SM & H Enterprises rather than against him. The workers’ compensation judge chose to disregard this evidence as it was based solely on Mohammed’s self-serving testimony. As we find the record devoid of any evidence substantiating his claim of a partnership, we deny his peremptory exception of nonjoinder.
In his appeal, Mohammed’s claim again centers around Guimaraes’ failure to name SM & H Enterprises and his two partners as defendants in her disputed claim for compensation. For the reasons cited above, we find no error in the workers’ compensation judge’s finding that Guimar-aes was employed by Mohammed at the time of her work-related injury. The costs of this appeal are assessed to the defendant-appellant, Mohammed Mohammed.
EXCEPTION DENIED; AFFIRMED.